# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE HOUSER, | Civil Action No. 19-20985 (SRC) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. On or about December 2, 2019, Mary Ann Hill, the mother of the Petitioner Terrence Houser, filed a petition for a writ of habeas corpus on Houser's behalf challenging his state court aggravated assault conviction. (ECF No. 1). Ms. Hill paid the filing fee. (ECF No. 1).

2. Because Petitioner did not sign that petition, and because it appeared that Petitioner was unaware that his mother had filed the petition on his behalf, this Court dismissed that petition without prejudice pursuant to Rule 2(c)(5) of the Rules Governing Section 2254 Cases. (ECF No. 2).

3. On or about January 21, 2020, Petitioner submitted a signed amended petition. (ECF No. 5). In that amended petition, Petitioner raises two grounds for relief – the first containing a litany of twelve vaguely defined claims of various constitutional error, and the second asserting that the PCR court altered a transcript in some unspecified way related to a guilty plea by Petitioner "in retaliation and [out of] bias." (ECF No. 5 at 6-9). In his petition, Petitioner directly states that he never raised his second ground for relief on direct appeal or in the PCR court, and suggests that he did not exhaust his first set of claims as it appears Petitioner never filed an appeal of the trial level PCR court's decision because of some confusion about the issuance of a decision in his PCR

matter. (*Id.* at 6). Petitioner's current habeas petition thus contains at least one unexhausted claim and appears to contain only unexhausted claims.

4. As Petitioner has now submitted a signed amended habeas petition, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1. Here, Petitioner directly admits that he did not exhaust one of his claims, and it appears that his remaining claims are also likely not exhausted as it appears that Petitioner never appealed the denial of his PCR petition.

6. Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). A district court, however, may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. As Petitioner's habeas petition contains at best limited factual allegations regarding his claims, this Court is unable to determine whether any of Petitioner's claims have merit, and thus cannot deny all of Petitioner's claims on the merits. Likewise, because Petitioner has not provided any information showing that there is good cause for his failure to exhaust his claims or any information permitting an inference that he may have meritorious claims, this Court has no basis on which to grant him a stay. Two options thus remain – permit the deletion of unexhausted claims, or the dismissal of the petition. Because it appears from the current petition that Petitioner has raised *none* of his claims before the New Jersey Appellate Division or Supreme Court, however, Petitioner's habeas petition does not appear to contain any exhausted claims. This Court therefore must dismiss his habeas petition without prejudice for lack of exhaustion.

7. Petitioner's amended petition (ECF No. 5) is therefore dismissed without prejudice. To the extent that Petitioner has any exhausted claims and wishes to proceed only on those exhausted

claims, he may file a second amended petition containing only his exhausted claims within thirty days. An appropriate order follows.

_____
 Hon. Stanley R. Chesler,
 United States District Judge